COOPER, WHITE & COOPER LLP
MARK L. TUFT (SBN 43146)
ANDREW I. DILWORTH (SBN 178792)
201 California Street, 17th Floor
San Francisco, California 94111
Telephone:   (415) 433-1900
Facsimile:   (415) 433-5530

Attorneys for SUREWEST
COMMUNICATIONS

[Special Appearance]

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>   Plaintiff,<br><br>vs.<br><br>JEFFREY WELLS, LARRY J. WELLS, and HENRY M. KAISER,<br><br>   Defendants. | CASE NO. 2:04-cr-0069-MCE<br><br>**STIPULATION AND ~~PROPOSED~~ ORDER**<br><br>Judge: Hon. Morrison C. England, Jr.<br>Ctrm.: 3 |

It is hereby stipulated by and between defendants Jeffrey Wells, Larry Wells, and Henry Kaiser ("Defendants"), the United States of America ("Plaintiff"), SureWest Communications ("SureWest"), and Ernst & Young LLP ("E&Y"), (Defendants, Plaintiff, SureWest and E&Y are collectively referred to hereafter as "the Parties" and each may be individually referred to as a "Party") as follows:

1. <u>Purpose of the Stipulation and Protective Order</u>

All information provided by SureWest and/or E&Y, and any of their employees and/or agents, pursuant to any subpoenas issued in this action by one or more of the Defendants (hereinafter "Responsive Information") shall be treated as confidential and shall be used only for

1 the purpose of this action, and shall not be used for any commercial, financial or personal purpose
2 by any Party to whom such Responsive Information is disclosed.  By execution of this Stipulation
3 and Proposed Order (the "Protective Order") it is the intent of the Parties to limit access to and
4 disclosure of any Responsive Information.

5     2.    <u>Persons to Whom Responsive Information May Be Disclosed</u>

6     a.    Except as may be otherwise provided by further order of the Court,
7 Responsive Information shall be disclosed only to (i) the parties in this action; (ii) the parties'
8 representatives and attorneys in this action, and their support staff; (iii) experts and consultants
9 retained by the parties' attorneys in this action and their support staff (provided a signed
10 undertaking in the form of Exhibit A hereto is obtained prior to production of such information;
11 said undertaking to be maintained by counsel); (iv) the judiciary, its employees and its agents in
12 this action; (v) court reporters and videographers, and their transcribers, assistants, and employees
13 in this action; and (vi) individual(s) interviewed by the parties' representatives and attorneys in this
14 action for the sole purpose of preparing the Plaintiff''s case in this action and/or preparing
15 Defendants' defense to this action (provided a signed undertaking in the Form of Exhibit A hereto
16 is obtained prior to disclosure of such information to any individual(s), said undertaking to be
17 maintained by counsel, and further provided that said individual(s) will not be given or retain a
18 copy of any Responsive Information).

19     b.    Responsive Information may also be disclosed to anyone so authorized by
20 the prior written consent of SureWest and/or E&Y, or with Court approval, or pursuant to lawful
21 court order.  Before seeking Court approval, the moving party seeking to make the disclosure shall
22 meet and confer with SureWest and/or E&Y in a good faith effort to obtain SureWest's and/or
23 E&Y's permission to make the disclosure.  To seek Court approval, the moving party seeking to
24 make the disclosure shall file a noticed motion with the Court for permission to make such
25 disclosure and shall bear the burden of showing good cause for the disclosure.  The Responsive
26 Information will be treated as such (subject to all the restrictions of this Protective Order) pending
27 a final determination of any such motion or challenge to a court order.

28

    c. By the signatures below, the Parties and their counsel hereby agree to be bound by this Protective Order.

    d. Each person or entity to whom Responsive Information is disclosed subject to the provisions of this Protective Order hereby submits himself, herself, or itself to the jurisdiction of this Court for the enforcement of this Protective Order.

  3. <u>Hearings and Court Proceedings</u>

  Any Responsive Information that is disclosed in the course of a hearing and/or any court proceeding is also subject to this Protective Order.

  4. <u>Filing Responsive Information With the Court</u>

  Any Party who intends to file or lodge with the Court documents containing Responsive Information will do so by requesting such documents be sealed pursuant to and in accordance with the Federal Rules of Criminal Procedure and this Court's Local Criminal Rules.

  5. <u>Copies, Extracts and Summaries</u>

  This Protective Order shall apply to copies, extracts and summaries of Responsive Information.

  6. <u>Return of Responsive Information</u>

  Upon the final disposition of the action, including any appeal, writ, review or rehearing, each document containing Responsive Information, and all copies thereof, shall be returned to the Party who produced the Responsive Information, upon request, or shall be destroyed, within thirty (30) days of such a request.  However, counsel for each Party may maintain copies of any pleadings including all exhibits attached thereto.  To the extent such pleadings and exhibits contain Responsive Information, the parties shall continue to treat such pleadings and exhibits in accordance with the terms of this Protective Order.  Counsel for the Party responding to the request for return of all Responsive Information shall also certify in writing that he or she has made a diligent search and inquiry regarding any originals and copies of documents containing Responsive Information and that all have been returned to the requesting Party.

  7. <u>Modification of this Protective Order</u>

This Protective Order is entered without prejudice to the right of any Party to apply for an order modifying or limiting this Protective Order, or any provision therein, in any respect.  The Parties may also effect such modifications or limitations by written agreement of all Parties.  Neither the entry of this Order, nor the disclosure of any Responsive Information, shall constitute evidence or any admission with respect to any issue in the case, and shall not constitute a waiver of any objections to the disclosure of Responsive Information.  Nothing in this Protective Order shall be construed as waiving any objections by any Party as to the admissibility of a particular document or testimony into evidence.  Moreover, nothing in this Protective Order shall be construed to require any Party to disclose to any other Party Responsive Information, or to prohibit any Party from refusing to disclose Responsive Information to any other Party.

8.  <u>Enforcement of the Protective Order</u>

The term of this Protective Order shall survive any settlement, discontinuance, dismissal, severance, judgment, acquittal, or other disposition of this action, and this Court shall continue to retain jurisdiction to enforce the terms of this Protective Order.

9.  <u>Execution of Protective Order</u>

This Protective Order may be executed in one or more facsimile counterparts, each of which shall be deemed an original, and/or with the express consent of each party's counsel.

**SO STIPULATED**:

LAW OFFICE OF WILLIAM PORTANOVA

By: _____/s/ William Portanova_____
    William Portanova
    Attorney for Defendant Larry Wells

LAW OFFICE OF WAYNE ORDOS

By: _____/s/ Wayne Ordos_____
    Wayne Ordos
    Attorney for Defendant Jeffrey Wells

UNITED STATES ATTORNEYS OFFICE

By: ____/s/ Steven Lapham_____
    Steven Lapham
    Attorneys for the United States of America


HELLER EHRMAN LLP

By: ____/s/ Megan Dixon_____
    Megan Dixon
    Attorneys for Ernst & Young LLP


COOPER, WHITE & COOPER LLP

By: ____/s/ Mark Tuft_____
    Mark L. Tuft
    Andrew Dilworth
    Attorneys for SureWest Communications

**IT IS SO ORDERED.**

DATED: December 29, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

Form of Confidentiality Certificate

I, the undersigned, _____, do undertake, and certify as follows:

1. I am employed by _____ as a _____, and my address is _____.

2. I have received a copy of the Stipulation and Proposed Order entered by the Court in United States v. Jeffrey Wells, et al., Case No. CR S-04-0069-MCE, United States District Court, Eastern District of California, dated _____ \_\_, 2005 (the "Protective Order"). I have carefully read, and I understand, the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons authorized by the Protective Order, and will not use except as authorized by the Protective Order, any Responsive Information (as that term is defined in the Protective Order), which I receive under the terms of and pursuant to this Protective Order.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct, and this declaration is executed at _____ on \_\_\_\_, 2005.

_____